IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.                                              Case No.: 23-cr-003-wmc

DERRICK W. JOHNSON,

       Defendant.

## PLEA AGREEMENT

    1.    This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

    2.    **PLEA AND PENALTIES:** The defendant agrees to plead guilty to the single count in the indictment. This count charges a violation of Title 18, United States Code, Section 922(g)(1), which carries maximum penalties of 15 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

    3.    **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

    4.    **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.  **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

### FELONY CONVICTION

In Western District of Wisconsin case number 17-cr-72, the defendant pleaded guilty to possession with intent to distribute hydrocodone, and was convicted after trial on an accompanying charge of possession of a firearm in furtherance of a drug trafficking offense. On April 23, 2018, the defendant was sentenced to five years in prison on the firearm count, consecutive to one year and one day on the drug count. At the time of this new arrest the defendant was still on supervised release.

### FACTS

On December 5, 2022, at approximately 12:34 p.m., Fitchburg police officers were dispatched to 2325 Traceway Dr., #201, in Fitchburg, Western District of Wisconsin, for a gun offense. The caller said that the suspect had pulled a gun on her. When officers arrived, they saw two females on the second floor.

One of the females had called police and said that the defendant used to date her sister and was in the process of moving out of the apartment. While the defendant was moving out, there was an altercation where the sister threw a phone at him. She then saw the defendant standing in front of the apartment door and, when he reached for something, she asked him "you got a gun?" The defendant said "yeah" and pulled out a silver handgun pointing it around and at her feet. She was not frightened by defendant's actions and did not think that he would shoot her.

Officers saw the defendant outside of the apartment complex crouching down by a bush as if to conceal something. They took him into custody at that location and found a Taurus G2 9mm handgun under the bush. It had 12 rounds in the magazine and one round in the chamber. The ammunition were Ammo Inc, SIG, and Perfecta brands. They also found three unfired 9mm rounds on his person that were Perfecta brand.

Surveillance video from the apartment complex was recovered that showed the defendant bending down and putting the handgun under the bush.

**NEXUS**

Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Mike Aalto will testify that this handgun was manufactured in Brazil and imported into the US through Miami, FL, and that the Perfecta ammunition was manufactured in Italy, or at least outside the State of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **FIREARM:** The defendant agrees that he has no right, title, or interest in the Taurus G2 9mm handgun or ammunition that form the basis of Count 1.

8. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of

responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before March 22, 2023.

9. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

10. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

11. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

12. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

March 23, 2023
_____
Date

By: _____
COREY STEPHAN
Assistant United States Attorney

3/24/23
_____
Date

_____
GREG DUTCH
Attorney for the Defendant

3/24/23
_____
Date

_____
DERRICK W. JOHNSON
Defendant

4

## ACKNOWLEDGEMENTS

I, DERRICK W. JOHNSON, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_3/24/23_  
Date

_[signature]_  
DERRICK W. JOHNSON  
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_3/24/23_  
Date

_[signature]_  
GREG DUTCH  
Attorney for Defendant

5