IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

      v.                                        Case No. 23-cr-003-wmc

DERRICK W. JOHNSON,

            Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, by Corey C. Stephan, Assistant United States Attorney for that district, hereby submits this sentencing memorandum.

**1. Nature and Circumstances of the Offense**

On December 5, 2022, at approximately 12:30 p.m., Fitchburg police were dispatched to an apartment complex in response to call for a man with a gun. (Dkt. 18 "PSR," ¶ 9). There officers saw the defendant, who was squatting down to place something under a bush. Officers took him into custody as he matched the suspect description. Under the bush immediately next to the defendant they found a loaded 9mm handgun. Officers also found small amounts of THC, MDMA, and cocaine in his pockets. (PSR, ¶ 10).

The complainant was the sister to defendant's girlfriend. (PSR, ¶ 11). She reported that as defendant was moving out of her apartment, he got into an argument

with her sister. She saw defendant standing outside of the apartment and saw him reaching for something. She asked him "You got a gun?" The defendant replied "Yeah," pulled a handgun out of his pocket, and walked away.

**2. The History and Characteristics of the Defendant**

The defendant is 27 years old and is on federal supervision for a gun offense. On June 7, 2017, he was arrested on a warrant outside of a downtown Madison bar. (PSR, ¶ 39). He resisted arrest and had a loaded handgun in his pocket. He also had five individually packaged hydrocodone pills, 28 gem packs, and a cell phone. Analysis of the cell phone revealed that a few hours before his arrest the defendant was discussing a sale of Xanax.

The defendant was charged in federal court, entered a guilty plea to a charge of possession with intent to distribute Hydrocodone, and was convicted at trial of possession of a firearm in furtherance of the drug trafficking offense. (PSR, ¶ 39). He was sentenced to the mandatory minimum five years on the gun charge with one year consecutive on the drug trafficking count. After serving his prison sentenced, he was eventually moved to home confinement on March 29, 2022, but after a positive drug test on June 17, 2022, was returned to the Rock Valley Community Program. He was formally released to supervised release on September 20, 2022, which is only approximately three months before he was again found with a gun in this federal case.

**3. The Need for the Sentence Imposed**

The defendant has shown that he is not deterred by federal charges, conviction, prison, or supervision. Within three months of release, he was back to carrying a

handgun. While he was not charged with another 924(c) offense, it is important to recognize that he was carrying drugs and brandishing the handgun after an argument with his girlfriend.

The advisory sentencing guideline range is 37 to 46 months. The defendant is also facing a six to 12 month sentenced for revocation in the 2017 case. (17-cr-00072-wmc, Dkt. 109). The government recommends sentences at the top end of the guidelines in both cases consecutive to each other. The defendant was on supervised release in a gun case and went back to carrying a gun. These are two separate offenses, and he should be punished for each of them separately.

Regardless of any potential changes to USSG § 4A1.1(d) (see Dkt. 22), which would reduce the sentencing guideline range to 30 to 37 months, the government argues that a 46-month period is still warranted under § 3553 factors.

**4. Forfeiture allegation**

The government is moving to dismiss the forfeiture allegation so that the handgun can be transferred to the Illinois law enforcement agency investigating the 2018 homicide. (PSR, ¶ 13). As noted, the defendant was in federal custody at the time of that homicide. However, this demonstrates how NIBIN (National Integrated Ballistic Information Network) is an important tool in investigating gun crimes.

5. **Conclusion**

For these reasons, the government respectfully recommends that a lengthy period of incarceration at the top of the advisory sentencing guideline range is appropriate in this case.

Dated this 3rd day of July 2023.

    Respectfully submitted,

    TIMOTHY M. O'SHEA
    United States Attorney

    By: /s/
    COREY C. STEPHAN
    Assistant United States Attorney