# *Law Office of Gregory N. Dutch*

**Gregory N. Dutch**
*Attorney at Law*
Also Licensed to
Practice in California

100 River Place, Suite 253
Madison, WI 53716
Phone: 608.661.5100
E-Mail: gnd@mydlaw.com

July 3rd, 2023

Honorable William M. Conley
U.S. District Judge
120 N. Henry Street
Madison, Wisconsin 53703

  Re: *United States v. Derrick Johnson*
    Case No. 23-CR-03-001

Dear Judge Conley:

  I write in anticipation of the sentencing for Mr. Johnson, scheduled for Friday July 7 th, 2023. We would request the Court consider a sentence of 30 months followed by three years of supervision. [1] This is based on numerous sentencing factors with the emphasis on his age, his inability to make an adjustment to the landscape after his release, and his hope to begin to add stability in his life this second time around.

HISTORY OF THE CASE

  Mr. Johnson was charged in a one count indictment. The facts of the case are set forward, beginning in ¶ 6 of the PSR.. Basically, there was a verbal argument between Mr. Johnson and his girlfriend. Words were spoken; overheard by her sister who called 911. When the police came, they found a loaded gun next to him on the ground. Mr. Johnson accepted responsibility for the gun by entering a plea to the federal charge.[2] In addition, different drugs, in single dose forms, were located on his body. (PSR. ¶ 10).

---

  [1] All references are to the PSR unless noted

  [2] Without repeating defendant's previous argument about the gun, the one that was found on him is not the same gun that was used in a melee the day before in which he is going to trial. Casings found on the scene in that incident were not the same as the Taurus that was in his possession. The government agrees with this assessment.

CRIMINAL HISTORY

Mr. Johnson's criminal history is spotty, but this also has to do with the fact that he was incarcerated for a number of years prior to this incident.  Defendant also understands that he will be revoked from supervision after the sentencing on this case.  The 3553(a) factors discussed should also apply to the revocation. (This component of a recommendation will be discussed below.)  It is also the defendant's understanding, based on conversations with the parties, that case # 2022CF3155, the state case based on this charge will be dismissed.  In addition, the newer state charge, 2023CF3155 is on a speedy trial calendar.  The only hold up is his prior attorney had to withdraw because of a conflict.  Apparently there were close to twenty people that were part of the incident, and during the discovery stage, she found a witness she once represented.

Mr. Johnson did the bulk of his federal time in a United Stated Penitentiary.  This was most unfortunate.  He was hoping to be able to transition to the adjacent Satellite Camp, but he ended up remaining at the medium facility.  He also did all of his time during the pandemic.  This was a time of great despair for Mr. Johnson.  He was not able to have personal visits and his programming was also limited.  Still, he remained like a soldier undaunted; he participated in GED classes, and began RDAP.  Unfortunately he did not complete the program.  However, this time he would like another referral, he indicates this program will aid him as he needs to have help in quitting drugs. (He also understands it may not lead to a sentencing reduction, but would still like to participate in the program).

MITIGATION

SUBSTANCE ABUSE

There is no question Mr. Johnson has a serious drug issue.  This Court is aware of his drug use from his previous sentence.  What is notable was his admission to his agent of continued drug use. (PSR. ¶ 79).  Mr. Johnson did complete an AODA assessment at Attic, which is run by the state department of corrections.  The assessment noted that Mr. Johnson was at the initial stage of coping with his AODA issues, coupled with mental health diagnoses.  He began his treatment, but unfortunately only did one before he picked up this charge. (PSR ¶ 83).  Still, he has a willingness to continue with treatment.  ATTIC was able to do a deep dive and found Mr. Johnson just beginning to recognize his desire for drugs to help him cope with his mental health.  In hindsight, if he could have become more self aware in the prison, and taken advantages of their programs, he would have head a major start towards sobriety when he was released.  He is finally at that stage of realization and is hoping to start programing as soon as he is designated.

## MENTAL HEALTH

It now seems apparent that Mr. Johnson does have mental health issues. It maybe hard to determine the cause of these, but the assessment in 2022 does identify variables that are related. More important, Mr. Johnson acknowledges that these issues/stressors, are present. He has self medicated for a long time, and his continued use of marijuana and pills to moderate him is evident. He is unsure how the two are related, but he acknowledges they are. He explains when he is depressed, or just his inability to interact with everyday situations, being high was helpful. He would use pills occasionally, but marijuana was his drug of choice. He maintains it was not used for the effects of partying, but it "took the edge" off him being anxious. Hopefully this insight is something he can use to build on a foundation of sobriety.

At the time of Mr. Johnson's first incarceration, he was 21. The rational part of the human brain is not fully developed and wont be until the age of 25. Research has found that an adult brain and a teen brain work differently. Adults think with the prefrontal cortex, the brain's rational part. The teens brain, the connections between emotions and decision making are still developing. This does explain much in regards to the criminal actions of Mr. Johnson. What is unknown is how development occurs while incarcerated. He was subject to a different experience in prison that he would if he was not in custody. The regimental aspect of a prison, your time is measured every minute of the day, is a sharp contrast to being at home on supervision. Older defendants, people who have experienced incarceration before, and have been released , were probably more equipped to handle this experience. Mr. Johnson did not seem to have the capability, or knowledge to go from confinement/RCC to home. It is his belief that when he is released this time, he will have the tools needed to succeed.

## OTHER VARIANT CONSIDERATIONS

Mr. Johnson never knew his Father, and his Mother was absent for most of his life. He was raised by his Grandmother . (PSR¶58). Mr. Johnson did marvelous things as a child. The local program, "The Brotherhood Group"offered teens in the Allied Drive neighborhood of Madison numerous activities. Katy Farrens was able to churn out great ideas for kids 12-18. The group got a basketball court, flag football, all kinds of programs so these teens would not be ticketed by the police. It was, and remains a program embraced by the community. Mr. Johnson's active participation should establish the fact that he is willing to participate in programs for his betterment. (PSR. ¶ 60).[3]  Although this was some time ago, it is hoped for Mr.

---

[3]Undersigned attorney has personal knowledge of this program while representing parents' in state Chips cases and how important this can be for children who maybe facing living outside their parent's house..

3

Johnson that as he moves forward in life, that he can recall the positive influence this case had and remember how these programs helped him as a teen.

## SUMMATION

The defendant is requesting, in determining his criminal history, the Court consider using criminal history category III. If sentencing was put off 114 days, the guidelines for criminal history would be amended downward. (PSR. ¶ 114).

Mr. Johnson had trouble adjusting to life after prison. He acknowledges this was on him. He is asking this Court to allow him to "try it over", he is still young enough to do his sentence and come out of it with a positive attitude. 30 months, if the Court considers a guideline in concert with his criminal history would satisfy the need for punishment and protection, but still show Mr. Johnson he can improve himself greatly. He understands that the Court will also impose additional time on the violations, but again hopes to show the Court his willingness to change and be able to be productive.

Thank you for your kind consideration.

Very truly yours,

/s/ Gregory N. Dutch
Attorney for Derrick Johnson

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3rd, 2023 I electronically filed the foregoing with the Clerk of Court for the United States District Court of Wisconsin, Western Division by using the CM/ECF system. Participation in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that Johnson in this case is not a CM/ECF user. I have mailed the foregoing document by First Class Mail, postage prepared within 3 calendar days to the non-CM/ ECF participant.

<u>/s/Gregory N. Dutch</u>
Gregory N. Dutch